**Clifford B. JONES, Plaintiff–Appellant,**

v.

**Edwin LOPEZ, M.D., Defendant–Appellee.**

No. 01–1798.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 3, 2001 *.

Decided Oct. 18, 2001.

Before Hon. JOEL M. FLAUM, Chief Judge, Hon. FRANK H. EASTERBROOK, Hon. DIANE P. WOOD, Circuit Judges.

ORDER

This appeal presents the last remaining issues in the litigation Clifford Jones brought in 1994 over certain events that occurred while he was an inmate at the

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. This appeal is therefore submitted on the briefs and the record. See Fed. R.App. P. 34(a)(2).

Chicago Metropolitan Correctional Center (MCC). In the earlier round, which reached this court as *Jones v. Simek,* 193 F.3d 485 (7th Cir.1999), Jones sued MCC employees Lt. Randall Simek, Captain Stanley Paciorek, Michael Rule, and Dr. Edwin Lopez, raising claims of excessive force and inadequate medical care. A more complete summary of the facts may be found in *Jones v. Simek,* but for present purposes it is enough to note that Jones suffers from Reflex Sympathetic Dystrophy (RSD), a painful condition that has caused him to lose the use of his right arm and hand. Jones alleged in his complaint that Simek, Paciorek and Rule used excessive force against him on three separate occasions, and that Dr. Lopez, Simek and Paciorek refused him medical care over a more extended period, all in violation of his rights under the Eighth Amendment.

The district court initially dismissed the medical care claim, held a bench trial, and found for the defendants on the remaining claims. Jones appealed to this court, and for various reasons, we concluded that everything except the disposition of Jones's claim against Dr. Lopez should be affirmed. Specifically, we affirmed the district court's dismissal of the claims against Captain Paciorek. We found that his claim against Lt. Simek was abandoned, as Jones's counsel informed the court that Jones was no longer pursuing that claim. Jones had not appealed from judgment after trial in favor of Simek, Paciorek and Rule on the excessive force claims, and thus those have long been gone from the case. Finally, we affirmed certain procedural rulings of the court. The claim against Dr. Lopez, however, was more troublesome. Taking the facts in the light most favorable to Jones, as we were required to do at that stage, we found that genuine disputes existed that called for a trial on Jones's claim that Dr. Lopez's medical treatment of him violated the standards of the Eighth Amendment. We thus remanded for such a trial.

This trial, like the earlier excessive force trial, took place before the court. Upon its conclusion, the district court issued detailed Findings of Fact and Conclusions of Law, as required by Fed.R.Civ.P. 52(a). Our review of those findings of fact is extremely deferential: as the rule puts it, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." *Id.* See also *Abbott v. Village of Winthrop Harbor,* 205 F.3d 976 (7th Cir.2000). It is not our place to retry the case. *Wattleton v. International Brotherhood of Boiler Makers,* 686 F.2d 586, 591 (7th Cir.1982).

Jones (and his lawyer) realize on this appeal that they face the daunting clearly erroneous standard of review, and to their credit, they face it squarely. Jones has identified no less than eleven findings of fact that he contends were clearly erroneous. They relate to matters such as the proper interpretation of the x-rays of Jones's elbow and other medical records, the obviousness of his medical needs while he was in segregation, Dr. Lopez's motivations for attending (or not attending) examinations performed by outside consultants, the frequency of Jones's complaints between January 1993 and June 1993, and Dr. Lopez's subjective attitude toward Jones. These are all indisputably factual questions, as Jones concedes.

The district court based its findings on testimony from five doctors who were either involved in Jones's treatment or were called to testify as experts. None of them expressed the view that Dr. Lopez's actions constituted medical malpractice or

deliberate indifference to a serious medical need. Even Jones's own expert witness, Dr. James Blair, testified that there was no medical malpractice and did not attribute the delay in Jones's diagnosis to deliberate indifference, stating "It is not a failure or lack of management skill if a physician does not know about Reflex Sympathetic Dystrophy." In this connection, one simple point is important: it takes more than "mere" medical malpractice to violate the Eighth Amendment, see *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), but logically it would be impossible to find that the doctor had engaged in behavior that could qualify as deliberate indifference for Eighth Amendment purposes if her treatment did not even amount to malpractice. No malpractice claim could succeed unless the plaintiff proved that the doctor's treatment fell below the prevailing standard of care in the relevant jurisdiction. Illinois's standard of care is typical: it follows a rule under which physicians must "possess and apply the knowledge, skill, and care that a reasonably well-qualified physician in the same or similar community would bring to a similar case." *Jackson v. Graham*, 323 Ill.App.3d 766, 257 Ill.Dec. 330, 753 N.E.2d 525, 532 (Ill.App.2001); see *Purtill v. Hess*, 111 Ill.2d 229, 95 Ill.Dec. 305, 489 N.E.2d 867, 874 (Ill.1986). The district court was entitled to infer from the testimony of the numerous experts to the effect that Dr. Lopez's treatment did not fall below any applicable standard of care that his treatment of Jones did not reflect deliberate indifference either.

As for the remaining factual disputes Jones has raised on this appeal, we comment only that there is enough evidence in the trial record to support the district court's findings, even if an equally compelling case might be made in some instances for findings the other way. We will not substitute our judgment for that of the trial court, which had the opportunity to review the documentary evidence and to assess the credibility of the witnesses. We therefore AFFIRM the district court's judgment in favor of Dr. Edwin Lopez.